UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YOLANDA LEWIS RICHARDSON,

     Plaintiff,

v.                                                                   Case No: 8:19-cv-1560-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____/

## ORDER

Plaintiff, Yolanda Lewis Richardson, seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits, and supplemental security income. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

### A.  Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on September 5, 2013. (Tr. 245–46, 490–93, 496–98.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 302–03, 306–07, 316–17, 322–23.) Plaintiff then requested an administrative hearing. (Tr. 329–30.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 174–225.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 278–89.) Subsequently, Plaintiff requested review from the

Appeals Council.  (Tr. 371.)  Upon review, the Appeals Council remanded for the ALJ to obtain and consider additional evidence.  (Tr. 299–300.)

On remand, the ALJ held two hearings at which Plaintiff appeared and testified.  (Tr. 74–118, 121–72.)  Following the hearings, the ALJ once again found Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits.  (Tr. 12–25.)  Plaintiff again requested review from the Appeals Council, which the Appeals Council denied.  (Tr. 1–3.)  Plaintiff then timely filed a Complaint with this Court.  (Dkt. 1.)  The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B.      Factual Background and the ALJ's Decision

Plaintiff, who was born in 1971, claimed disability beginning on October 31, 2012.  (Tr. 490, 496.)  Plaintiff has a bachelor's degree and nearly completed a master's degree.  (Tr. 133–34, 1159.)  Plaintiff's past relevant work experience included work as a security guard, corrections officer, caseworker, psychiatric aide, clerk, and check cashier.  (Tr. 99, 102.)  Plaintiff alleged disability due to chronic lower back pain, chronic neck pain, depression, anxiety, and permanent sciatic nerve pain.  (Tr. 540.)

In rendering the decision, the ALJ concluded that Plaintiff had engaged in substantial gainful activity from March through August of 2014.  (Tr. 15.)  However, the ALJ found that there had been a continuous twelve-month period in which Plaintiff did not engage in substantial gainful activity, which the decision addresses.  (Tr. 15.)  After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease, obesity, radiculopathy, seizure disorder, asthma, depression, and anxiety disorder.  (Tr. 15.)  Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the

listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 16.)  The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can occasionally lift and carry 10 pounds occasionally and less than 10 pounds frequently.  The claimant can never climb ladders, ramps, and scaffolds but can frequently climb ramps and stairs.  The claimant can sit for 6 hours in an 8-hour workday and can stand and sit for 2 hours in an 8-hour workday.  The claimant requires the option to sit or stand or the ability to alternate positions after 30 minutes and requires a cane for ambulation.  The claimant can occasionally stoop, kneel, crouch, and crawl and frequently climb ramps and stairs but never climb ladders, ropes or scaffolds.  The claimant can have occasional exposure to unprotected heights and have frequent exposure to dust, odors, fumes, and pulmonary irritants.  The claimant is limited to occasional exposure to vibrations.  The claimant is limited to occasional contact with supervisors, coworkers, and the general public and is limited to performing no more than simple, routine tasks.

(Tr. 17–18.)  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the record.  (Tr. 21.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined that Plaintiff could not perform her past relevant work.  (Tr. 23.)  Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as surveillance system monitor, addresser, and hot stone setter.  (Tr. 24.)  Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled.  (Tr. 24.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting

*Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal.  *Keeton*, 21 F.3d at 1066.  The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff alleges that the ALJ erred in finding that there is a significant number of jobs in the national economy that Plaintiff can perform.  For the reasons that follow, this contention does not warrant reversal.

"[T]he Commissioner's preferred method of demonstrating that the claimant can perform other jobs is through the testimony of a VE."  *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999).  In this case, the ALJ utilized a VE who testified that Plaintiff could perform the jobs of surveillance system monitor, with approximately 135,120 jobs in "that occupational cluster in the national economy"; addresser, with approximately 67,230 jobs in "that occupational cluster the national economy"; and hot stone setter, with approximately 251,670 jobs in "that occupational cluster in

the national economy." (Tr. 101–02.)  Additionally, the VE testified that these three positions were "representative samples of jobs that are available" in the national economy. (Tr. 115.)  When asked whether this testimony was consistent with the Dictionary of Occupational Titles ("DOT"), the VE testified that it was. (Tr. 104.)

Citing to Social Security Rule ("SSR") 00-4p, Plaintiff argues that there is a conflict between the testimony of the VE and the Dictionary of Occupational Titles ("DOT"). (Dkt. 16 at 5–6.)  SSR 00-4p requires an ALJ to "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by" a VE and information in the DOT.  SSR 00-4p (S.S.A.), 2000 WL 1898704.  Further, "the ALJs within the SSA have an affirmative duty to identify apparent conflicts between the testimony of a Vocational Expert and the DOT and resolve them." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1356 (11th Cir. 2018).  Once a conflict is been identified, "the Ruling requires the ALJ to offer a reasonable explanation for the discrepancy, and detail in his decision how he has resolved the conflict." *Id.*  "The failure to discharge this duty means that the ALJ's decision, when based on the contradicted VE testimony, is not supported by substantial evidence." *Id.*

However, Plaintiff identifies no conflict between the VE's testimony and the DOT. Instead, Plaintiff challenges the VE's job numbers, which the VE testified were based on the Bureau of Labor Statistics ("BLS"). (Tr. 112.)  Plaintiff argues that the VE improperly used job numbers from clusters of jobs rather than identifying the individual number of jobs. (Dkt. 16 at 6–8.)  Essentially, Plaintiff asks the Court to adopt a rigid rule that the VE must provide job estimates for each individual job.  However, the Court agrees with Defendant that the Supreme Court has cautioned against categorical rules. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (explaining that the determination as to whether there is substantial evidence is "case-by-

case"). There is no rule that the VE must provide any specific set of numbers or "rely on any specific set of materials to support his conclusions." *Jones v. Comm'r of Soc. Sec.*, 423 F. App'x 936, 938 (11th Cir. 2011); *see also Pena v. Comm'r of Soc. Sec.*, 489 F. App'x 401, 402 (11th Cir. 2012) (explaining that the "Social Security regulations clearly provide that a VE's knowledge and expertise may supply a reasoned basis for his conclusions").

Ultimately, the question for this Court is whether the ALJ's finding—that Plaintiff can perform "work that exists in significant numbers in the national economy" (Tr. 24)—is supported by substantial evidence. *See Pace v. Comm'r of Soc. Sec.*, 760 F. App'x 779, 781 (11th Cir. 2019) ("The question, though, is not whether the expert's <u>testimony</u> is supported by substantial evidence. It is whether the ALJ's <u>decision</u> is supported by substantial evidence.") (emphasis in original). In making this finding, the ALJ relied on the VE's testimony that Plaintiff can perform jobs in occupational clusters with more than 450,000 jobs in the national economy. The VE acknowledged at the hearing that these numbers were of the entire occupational cluster, noting that a "literal, accurate figure" of the individual jobs was impossible "because nobody has gone out and counted" them. (Tr. 114.)

Nonetheless, in response to questioning from the claimant's attorney, the VE estimated that there were probably under 1,000 hot-stone setter jobs in the national economy. (Tr. 113.) However, the VE estimated that because of economic demand, there are "significantly more addresser[]" jobs available in the national economy. (Tr. 114.) Most critical to the ALJ's finding, the VE testified that the three jobs identified were merely "illustrative" and that there would be "other positions throughout the national economy that" Plaintiff could perform. (Tr. 115.)

Even accepting Plaintiff's argument that the VE provided overinclusive numbers, any error is harmless where substantial evidence still supports the ALJ's decision. *See Hardin v. Berryhill*,

No. 8:18-cv-84-T-AEP, 2019 WL 927173, at *5 (M.D. Fla. Feb. 26, 2019) ("Though the VE may have identified an overinclusive number here, Plaintiff's contentions still support a significant number of parts inspector jobs."). And even relying on the VE's testimony regarding the reduced number of individual jobs—which are merely representative samples of jobs Plaintiff can perform—substantial evidence supports the ALJ's conclusion that there are a substantial number of jobs available in the national economy. *See Brooks v. Barnhart*, 133 F. App'x 669, 671 (11th Cir. 2005) (affirming a finding that 840 jobs in the national economy constituted a significant number).

Thus, the VE's testimony constitutes substantial evidence. *See Hobbs v. Colvin*, No. 8:13-CV-3233-T-24, 2015 WL 628763, at *5 (M.D. Fla. Feb. 12, 2015) (finding the "ALJ was permitted to base his findings about [jobs the plaintiff is able to perform] on the VE's testimony"); *Brijbag v. Astrue*, No. 8:06-CV-2356-T-MAP, 2008 WL 276038, at *2 (M.D. Fla. Jan. 31, 2008) ("[T]he ALJ need not independently corroborate the VE's testimony and should be able to rely on such testimony where no apparent conflict exists with the DOT."). In reviewing the Commissioner's decision, this Court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner

and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on July 8, 2020.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record